UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTHERN LIGHT TECHNOLOGY HOLDINGS, LLC.
and NORTHERN LIGHT SINGLEPOINT, LLC,
SUCCESSOR IN INTEREST TO
divine, inc., SUCCESSOR IN
INTEREST TO NORTHERN LIGHT
TECHNOLOGY, LLC,
    Plaintiff

  v.                                 Civil Action No. 99-11664-DPW

NORTHERN LIGHTS CLUB,
JEFF BURGAR, and 641271 ALBERTA LTD.,
    Defendant

## MEMORANDUM AND ORDER RE: BILL OF COSTS

### I. Background

On August 6, 1999 this action was filed by the current Plaintiff's predecessor, Northern Light Technology, which in turn was succeeded by divine, inc., for trademark infringement and cybersquatting under the Anticybersquatting Consumer Protection Act. On March 31, 2000 this Court granted a preliminary injunction restraining the Defendants from infringing activities. The Court's decision was appealed and the U.S. Court of Appeals for the First Circuit affirmed the issuance of a preliminary injunction. Defendants thereafter petitioned the U.S. Supreme Court for a writ of certiorari, which was denied. On June 14, 2001 Defendants sought to dissolve or modify the preliminary injunction, and the request was denied. The Defendants appealed, and the Court of Appeals subsequently dismissed Defendants' appeal.

In December 2001 the Defendants filed suit in the U.S. District Court for the Eastern District of Michigan, and moved to transfer this action to Michigan, seeking consolidation. The Defendants

thereafter dismissed the Michigan suit and counsel for the Defendants withdrew from the case.  On March 13, 2001 this Court issued a Notice of Default for the Defendants Northern Lights Club and 641271 Alberta Ltd. after they had failed to secure substitute counsel as ordered by this Court.  The individual Defendant, Jeff Burgar, remained a pro se Defendant, but on July 17, 2002 a Default was entered against him for failure to appear at a scheduled conference.

The discovery portion and motion practice in this litigation was highly intensive, time consuming, and expensive.  Some discovery took place in various parts of the United States and Canada.  In particular, the initial discovery focused on personal jurisdiction issues.  Plaintiff's discovery included a trip to Alberta, Canada, in order to conduct depositions of critical witnesses, including Defendant Burgar.  Numerous discovery requests were presented, and a great deal of factual investigation was required as well, since the case involved one of first impression dealing with a new statute.

On September 19, 2002 a Default Judgment entered against all Defendants.  Plaintiff filed a Request for Bill of Costs in the amount of $14,000.19.  To date, no oppositions have been filed by an Defendant.  Although divine, inc. entered bankruptcy after filing its request for a Bill of Costs, that portion of its business formerly known as the initial plaintiff, Northern Light Technology, LLC has been acquired by Northern Light Technology Holdings, LLC (Holdings).  Holdings has informed the court it wishes to fully prosecute its claim for costs.

## II. Rule 54(d) and Section 1920

Under Rule 54(d) and 28 U.S.C. §1920, a judge or clerk is authorized to tax costs.  Rule 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Moreover, there is a  "... presumption favoring cost recovery

for prevailing parties." In Re Two Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litigation, 994 F.2d 956, 962 (1st Cir. 1993).  This stems from Rule 54(d) language indicating that costs "shall" be allowed. However, the parameters of what constitutes taxable costs are strictly circumscribed.  The term "costs" as defined in Rule 54(d) is constrained by the boundaries of the expense categories falling within the statutory litany under §1920.  Id. (citations omitted).  See also Papas v. Harbor, 849 F.2d 702, 704 (1st Cir. 1988); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437,445 (1987).  Despite these constraints, in the First Circuit there is broad negative discretion, that is, discretion to **deny** costs.  Gochis v. Allstate Ins. Co., 162 F.R.D. 248, 250 (D. Mass. 1995)(Young, D.J.).  It is well settled that "[t]he awarding of costs is not mandatory and is left to the sound discretion of the district court." Id. (citation omitted).  The parameters constituting a basis for the denial of costs have not been clearly set forth in the First Circuit.  "Rather, the district court...has long possessed broad discretion to deny costs as long as it "offers a sound reason" for doing so." Id. (citations omitted).

The burden of proving the expenses sought to be recovered under §1920 falls on the prevailing party, Vornado Air Circulation Systems, Inc. v. Duracraft Corporation, 1995 WL 794070 (D. Kan., Nov. 29, 1995).

### III.   Fees of the Clerk

Pursuant to 28 U.S.C. §1920(1), Plaintiff first seeks to recover **$150.00** for the filing fee of the Clerk.  This is a taxable cost and shall be awarded.

### IV.   Fees of the Marshal and/or Sheriff Services

Plaintiff next seeks reimbursement for costs associated with process servers, pursuant to 28

U.S.C. §1920(1), in the amount of **$198.89**.    These costs are properly recoverable and shall be taxed.

### V.    Fees for Printing/Copying

The Plaintiff seeks $6,919.55 in copying costs.  In support of this claim, Plaintiff provides a bare-bones summary of copying costs on a monthly basis.  However, except for a couple of entries, the summary does not contain a description of the documents copied, or a reason why those documents were necessary to the litigation.  Moreover, several entries contain substantial costs for "RI Legal Services, Inc." for copies of cases from California.  It is unclear whether these costs ($117.50 and $1,720.50) constitute actual costs for "copies", or whether these are actually costs of legal research that are not properly recoverable costs under §1920, although they may be compensable in connection with plaintiff's application fees and costs pursuant to 15 U.S.C. §1117.

While the Plaintiff does not have to explain every piece of paper that is copied in connection with a case, there must be more evidence than is provided here to support a request for reimbursement in this case.  Accordingly the request for reimbursement of the claimed copy costs is DENIED, except as to the copy costs for the Complaint, Answer and Counterclaim for USDC/SDNY ($33.50 and $43.25) and copy and certified copy costs for the Trademark Registration 2,224,936 ($15.00 and $90.00, for a total of  **$181.75**).

### VI.    Travel Expenses and Deposition Transcripts

Next, the Plaintiff seeks $6,5010.07 for deposition transcripts (including video-duplication), and

travel expenses in connection with the depositions of Defendant Jeff Burgar and Justin Lumsden ($2,069.38), David Seuss ($1,066.14 and $112 for video duplication), and Victoria Winston ($644.00).  Pursuant to 28 U.S.C. §1920(2), fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case are taxable.  Although other Circuits may allow recovery for costs of deposition transcripts if shown to be "reasonably necessary", the First Circuit generally allows taxing such costs only if the depositions were either introduced in evidence or used at trial.  Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985).    With the exception of the videotape duplication costs, these deposition costs would otherwise have been recoverable under §1920, if the Plaintiff could demonstrate that the depositions were reasonably necessary or used at trial (or summary judgment phase).  Plaintiff has not done so, and these costs shall not be awarded.  Although  this Court allowed cost-shifting expenses in connection with the deposition of Jeff Burger, by Order dated November 18, 1999 (#65)[1], Plaintiff has not apportioned the costs of this deposition from the total cost of the depositions of Jeff Burger and Justin Lumsden, and therefore the $2,069.38 expense shall not be allowed.

With respect to the videotape deposition duplication costs, these costs are not otherwise recoverable absent prior permission or cost-shifting by the Court.   Accordingly, this cost shall not be awarded.  Therefore the  total $4,115.52 claimed cost for depositions is denied.

However, with respect to the claimed travel expenses (including airport fee, airline ticket, hotel,

---

[1] The language of the Order is as follows: "With respect to the Motion for a Protective Order: the deposition shall take place in Edmonton, Canada, however the costs for this will be shifted if the Plaintiff prevails in this litigation, and reasonable expenses, including hotel costs, shall be awarded. Costs for Attorneys fees will not be shifted "

food, and parking), which amount to $2,394.55, although these are not otherwise taxable under §1920, these costs are deemed recoverable in view of the prior cost-shifting permission obtained from this Court.. Accordingly, the request for travel expenses is Allowed, and the total request for reimbursement of **$2,394.55** is Allowed.

### VIII.   Other Transcript Fees/Deposition Costs

Finally, Plaintiff seeks to recover $221.68 in Transcript Costs in connection with hearings before the Court. These transcript costs include $42.84 and an Expedited Transcript charge of $178.84. No explanation is provided why the transcript of the hearings before the Court were necessarily obtained for use in the case. Additionally, not all costs related to transcript preparations are recoverable. Absent special circumstances or prior Court-ordered cost-shifting, costs which are merely tangential to the actual transcript costs are not properly taxable. These include costs for ASCII disks, mini or Min-U-Scripts, e-mail, uncertified rough draft costs, postage and UPS shipping costs. These costs are tantamount to expedited charges, and <u>it is the practice of this Court to disallow daily or expedited transcript costs unless reimbursement is requested in a motion filed prior to trial</u>. (See this Court's external District Court Website for instructions regarding Taxation of Costs). Therefore, none of these costs will be awarded.

### IX.  Order Taxing Bill of Costs

Based on the foregoing, it is hereby ORDERED that costs are hereby awarded to the Plaintiff,

and taxed against the Defendants as follows:

Fees for Deposition Costs and Travel Expenses...............................$ 2,394.55

Fees of Clerk................................................................................$   150.00

Fees of the Marshal......................................................................$   198.89

Fees for Printing/Copying ............................................................$   181.75

Total costs taxed........................................................................... **$ 2925.19**

                                                  BY THE COURT

Dated: JULY 14, 2003                               /s/ Rebecca Greenberg
                                                                  Deputy Clerk